IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MYRA JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. JFM - OC-3469 |
| ) | |
| GIANT FOODS, INC., et al., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

MEMORANDUM

Myra Jones ("Jones") brings claims for racial discrimination in employment against Giant Foods, Inc. ("Giant") under Title VII, 42 U.S.C. §§ 1981, 1985 and 1986. She also raises claims for breach of contract and wrongful discharge. Giant has moved for summary judgment on all of her claims. I grant the motion.

I.

Jones, an African-American woman, began working for Giant in November of 1982. After three days as a courtesy clerk, the store manager promoted her to the position of bakery clerk. She worked as a bakery clerk for various Giant stores until 1996. Her last tenure was at Giant store #60 in Alexandria, Virginia; her employment ended there on September 30, 1996 due to an incident occurring the previous day. On September 29, 1996, Loss Prevention Detective Bryant Conlon ("Conlon") and the store manager, Fred Sterling ("Sterling"), stopped Jones after she left the store at the end of her shift. They asked if they could look into a bag which contained items that Jones had purchased from the store. They found two cans of soup for which she had

1

not paid. Giant believed Jones had stolen the items; she does not deny that she had two cans of soup in her bag and that she had not paid for them. Rather, she claims that she did not put the cans in the bag. Giant pressed criminal charges. A judge sitting in Virginia convicted Jones. She appealed the conviction and was subsequently acquitted by a jury. Giant suspended Jones on the day of the incident and subsequently terminated her.

Jones raises various federal and state claims arising mainly from this incident; the facts relevant to the other claims are discussed with each claim.

II.

Jones asserts that a number of Giant's actions violate Title VII and 1981.[1] I consider these claims by type. She asserts that Giant violated Title VII and section 1981 by terminating her for shoplifting, prosecuting her for shoplifting, denying her promotion opportunities, retaliating against her and creating a hostile work environment.

A plaintiff can prove intentional discrimination under Title VII using either direct

---

[1] I grant Giant's motion for summary judgment with respect to Jones's claims under 42 U.S.C. §§ 1985(3) and 1986. She has not stated a conspiracy to deny equal protection of the laws under 42 U.S.C. § 1985(3). Under the intra-corporate conspiracy doctrine, a corporation cannot conspire with itself. See Buschi v. Kirven, 775 F.2d 1240, 1251-52 (4th Cir. 1985) (applying doctrine to civil rights cases); Boyce v. Fleet Fin., Inc., 802 F. Supp. 1404, 1410 (E.D. Va. 1992). Accordingly, employees of the corporation, as agents, cannot conspire with themselves. See Buschi, 775 F.2d at 1251. Any conspiracy Jones alleges would involve Giant employees, such as Conlon, Sterling and Jim Brenton (the district manager ultimately responsible for terminating Jones). Accordingly, summary judgment is granted to Giant on Jones's section 1985(3) claims.

Section 1986 provides a claim against a party who knows of a section 1985(3) conspiracy but fails to stop it. 42 U.S.C. § 1986. Section 1986 claims thus depend on section 1985(3) claims. See Langworthy v. Dean, 37 F. Supp. 2d 417, 425 (D. Md. 1999). Because Jones cannot assert a section 1985(3) claim against Giant, she cannot state a section 1986 claim and summary judgment is granted.

evidence or the flexible burden-shifting scheme established by <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973). Jones has not produced direct proof of racial discrimination for any of her claims. She must rely on the familiar <u>McDonnell Douglas</u> framework. A plaintiff must first prove a prima facie case of discrimination, giving rise to an inference of discrimination. <u>McDonnell Douglas</u>, 411 U.S. at 802; <u>Brinkley v. Harbour Recreation Club</u>, 180 F.3d 598, 607 (4th Cir. 1999). The defendant then must produce a legitimate, nondiscriminatory reason for the adverse employment action. <u>McDonnell Douglas</u>, 411 U.S. at 802-03; <u>Brinkley</u>, 180 F.3d at 607. If the defendant discharges this burden of production, the plaintiff must show that the defendant's proffered reason is a pretext for discrimination. <u>McDonnell Douglas</u>, 411 U.S. at 804; <u>Brinkley</u>, 180 F.3d at 607. The ultimate burden of proof remains with the plaintiff, who must show that the employer intentionally discriminated against the plaintiff. <u>Reeves v. Sanderson Plumbing Products, Inc.</u>, 120 S. Ct. 2097, 2106-07 (2000); <u>Brinkley</u>, 180 F.3d at 607.

A.

Jones raises discriminatory termination claims under both Title VII and section 1981. The shifting proof scheme is the same under both. <u>Causey v. Balog</u>, 162 F.3d 795, 804 (4th Cir. 1998). To establish a prima face case of discriminatory termination, a plaintiff must demonstrate that: (1) she is a member of a protected class; (2) she suffered an adverse employment decision; (3) she was performing her job at a level that met her employer's reasonable expectations; and (4) the position remained open to or was filled by similarly qualified applicants outside the protected class. See <u>Brinkley</u>, 180 F.3d at 607.

Giant claims that Jones cannot demonstrate element three because by shoplifting she, *ipso facto*, did not meet her employer's reasonable expectations. Giant does not argue that Jones's

3

performance was deficient aside from the incidents surrounding the alleged theft. Indeed, Jones had worked as a bakery clerk, apparently without problems related to her performance, since 1982. Thus, Giant terminated her solely because of the alleged shoplifting incident on September 29, 1996. Giant also proffers this incident as the legitimate nondiscriminatory reason it discharged Jones to meet its burden under McDonnell Douglas. Def.'s Mem. Supp. Summ. J. ("Def.'s Mem.") at 11-13; see Stalter v. Wal-Mart Stores, Inc., 195 F.3d 285, 289 (7th Cir. 1999) ("Certainly if Wal-Mart believed that Stalter committed theft, that would be a legitimate, non-discriminatory reason to fire him"). Where the defendant's proffered evidence for showing that a plaintiff was not meeting the employer's expectations mirrors the nondiscriminatory reason produced by the employer, courts have assumed a prima facie case and proceeded to the pretext inquiry in the interests of fairness and efficiency. See, e.g., MacDonald v. Eastern Wyo. Mental Health Ctr., 941 F.2d 1115, 1119-21 (10th Cir. 1991) (finding that the plaintiff has not satisfied its prima facie case because of the employer's legitimate, nondiscriminatory reason "raises serious problems under the McDonnell Douglas analysis, which mandates a full and fair opportunity for a plaintiff to demonstrate pretext"); Bienkowski v. American Airlines, Inc., 851 F.2d 1503, 1505 (5th Cir. 1988) (analyzing plaintiff's qualifications "at both the prima facie case and pretext stages of a termination case is an unnecessary redundancy"); cf. Lovelace v. Sherwin-Williams Co., 681 F.2d 230, 245 (4th Cir. 1982) (noting that prima facie and pretext analyses are "of a piece with and inseparable" where the reason offered for both is the same). Because Jones argues that her termination (based on the shoplifting incident) is a pretext for racial discrimination, I will assume a prima facie case and move to the pretext inquiry.

Jones first claims that Giant's proffered reason was pretextual because she did not, in

fact, steal the soup. What matters in the Title VII analysis, however, is not whether Jones stole two cans of soup, but whether Giant in good faith believed she did. Hawkins v. Pepsico, Inc., 203 F.3d 274, 279 (4th Cir. 2000) (the court should not evaluate whether the reason proffered was "wise, fair, or even correct, ultimately, so long as it truly was the reason for the plaintiff's termination" (internal quotations and citation omitted)); see also Moore v. Sears, Roebuck & Co., 683 F.2d 1321, 1323 n.4 (11th Cir. 1982) (the court inquires only into whether "the defendant in good faith believed plaintiff's performance to be unsatisfactory and that the asserted reason for the discharge is therefore not a mere pretext for discrimination" (citation omitted)). In his affidavit, Sterling described events indicating that on September 29, 1996, Jones left Giant with two cans of soup for which she had not paid. Sterling Aff. ¶¶ 6-9. Moreover, a judge found her guilty of the crime. Def.'s Mem. Ex. 1. Fred Izzo, a customer who states that unbeknownst to Jones he put the cans in the bag, did not speak with Giant personnel until a week after Giant terminated her. Pl.'s Opp'n to Def.'s Mot. for Summ. J. ("Pl.'s Opp'n") Ex. 7 ¶ 11. Thus Giant had a good faith belief that she stole the soup.

Alternatively, Jones claims that Giant's termination was pretextual because Giant did not terminate other shoplifting employees. Jones's counsel has not produced admissible evidence supporting these assertions. They rest almost completely on inadmissible hearsay.[2] She has not

---

[2]With regard to an employee named "Jose," although Myra Jones stated in her deposition that she and a friend saw Jose drinking a soda during his shift, she does not have personal knowledge of the subsequent conversation between her friend and the store manager, when the manager apparently told the friend to forget the incident and "mind her business." Jones Dep. at 210-12. Plaintiff's counsel produced no evidence from Myra Jones's friend. Jones also alleges that Jose was later caught stealing film; she claims "everybody in the store knew" because "[t]hey was talking about it." Jones Dep. at 215. Jones admits she did not see Jose steal the film, Jones Dep. at 215, and no evidence has been produced from the store manager handling the

5

submitted affidavits from alleged violators, deposed relevant parties with personal knowledge of the alleged incidents, nor produced records describing the relevant events or Giant's responses to them. Without this evidence, the plaintiff has failed to create a genuine, material dispute concerning whether Giant's decision to terminate her for shoplifting was, in fact, a pretext for race.

### B.

Jones alleges that Giant violated Title VII by filing a criminal complaint after police released her after the shoplifting incident. A plaintiff may claim relief under Title VII only if he or she has suffered an "adverse employment action." Porter v. National Con-Serv, Inc., 51 F. Supp. 2d 656, 658 (D. Md. 1998). Employment actions typically involve "ultimate employment decisions such as hiring, granting leave, discharging, promoting, and compensation." Id. at 658 (citing Page v. Bolger, 645 F.2d 227, 233 (4th Cir. 1981)). Prosecution for a suspected crime simply does not fit this category. Accordingly, Giant's motion for summary judgment on the Title VII prosecution claim is granted.

Jones's claim for prosecution also fails under section 1981. Although section 1981 claims frequently implicate the text's first protection to "make and enforce contracts," the statute also protects the right to "the full and equal benefit of all laws and proceedings for the security of

---

incident. Moreover, Giant has produced a declaration from John Baer, Director of Loss Prevention for Giant, verifying a record that Jose Fratti was fired on March 20, 1996 for stealing $11.10 worth of film. Dec. of John Baer ¶ 4; Def.'s Reply to Pl.'s Opp'n Ex. 10. Myra Jones also claims that a worker named "Jim" shoplifted but was not fired. Jones Dep. at 216. But she does not establish personal knowledge for this incident. Myra Jones also claims that Ron Cook, Jr. and his sister (the son and daughter of a Giant Vice-President) each were caught shoplifting. Jones Dep. at 615-17. But Myra Jones heard this information only from other people. Id. In short, this hearsay evidence is not admissible and, therefore, cannot defeat summary judgment.

6

persons and property" and the right to "like punishment, pains, penalties, taxes, licenses, and exactions of every kind." 42 U.S.C. § 1981; see Mahone v. Waddle, 564 F.2d 1018, 1026-29 (3d Cir. 1977) (recognizing section 1981 claim outside the contractual context); Raffety v. Prince George's County, 423 F. Supp. 1045, 1062 (D. Md. 1976) (same); Bouquett v. Clemmer, 626 F. Supp. 46, 49-51 (S.D. Ohio 1985) (recognizing malicious prosecution claim under section 1981). But most courts have required claimants invoking either the "full benefit" or "like punishment" clause to allege state action. See Mahone, 564 F.2d at 1029-30; Eggleston v. Prince Edward Volunteer Serv. Rescue Squad, 569 F. Supp. 1344, 1353 (E.D. Va. 1983); Spencer v. Casavilla, 717 F. Supp. 1057, 1059-60 (S.D.N.Y. 1989). But see Hawk v. Perillo, 642 F. Supp. 380, 390-92 (N.D. Ill. 1985) (concluding that state action is not required under section 1981). Jones has not made any such allegation here.

### C.

Although the complaint does not specifically mention the claim, depositions in this case and Jones's opposition to summary judgment refer to a claim for failure to promote under Title VII. Pl.'s Opp'n at 35-36. During her time at Giant, Jones served as a bakery clerk but hoped for a promotion to bakery manager. She claims that Giant does not have an overt promotion policy; instead a manager subjectively selects a worker for a higher position. In 1995, Sterling apparently failed to inform Jones of upcoming testing required for a promotion, although he did tell another bakery clerk, a less-qualified white woman. Jones also alleges that Sterling told the white woman not to mention the testing to Jones. After Jones complained about the incident to the district manager, Sterling apparently told her that he simply forgot to mention it. Giant has responded to the promotion claim in its reply, so I address it, although I do not reach the merits.

Jones's claim for failure to promote is barred because she failed to exhaust administrative remedies. Before filing a civil suit, a party must timely file an administrative charge with the relevant federal, state or local agency. Hubbard v. Rubbermaid, Inc., 436 F. Supp. 1184, 1187 (D. Md. 1977). Moreover, the scope of the civil action is limited to the "administrative investigation that could 'reasonably be expected to follow' from the administrative charges of discrimination." Johnson v. Maryland, 940 F. Supp. 873, 876 (D. Md. 1996) (citing Hubbard standard). Jones filed a charge with the Fairfax County Human Rights Commission ("FCHRC") on December 2, 1996, alleging only discriminatory termination relating to the shoplifting incident. Def.'s Mem. Ex. 6. The investigation of this claim reasonably would not have led the FCHRC to inquire into Giant's promotion practices with regard to Jones. See Johnson, 940 F. Supp. at 876-77 (administrative charge challenging practices such as promotion, evaluations, discipline and retaliation did not relate to eventual termination). Accordingly, summary judgment is granted as to Jones's claim for failure to promote.

### D.

Interpreted generously, Jones's complaint and evidence in discovery raise a few retaliation possibilities under Title VII and section 1981. First, Jones asserts that Giant terminated her in retaliation for her general complaints concerning racial discrimination at Giant. Am. Compl. ¶¶ 110-11. Second, she claims that Conlon retaliated against her after she complained to Giant about his falsely accusing her son of shoplifting in 1995. Def.'s Mem. Ex. 2; Pl.'s Opp'n at 26. Third, she claims that Giant retaliated when it pressed criminal charges against her even though the police released her after the shoplifting incident on September 29, 1996. Jones Dep. at 249-50. Finally, she suggests that Giant terminated her for complaining to

the district manager about Sterling's failure to inform her of testing for a promotion in 1995. Pl.'s Opp'n at 25.

When a plaintiff files an administrative charge after the conduct giving rise to the retaliation claim occurs, the plaintiff must include the retaliation claim in the administrative charge. See Crosten v. Kamauf, 932 F. Supp. 676, 683-84 (D. Md. 1996); Riley v. Technical and Management Services Corp., 872 F. Supp. 1454, 1460 (D. Md. 1995). If she does not, the court lacks subject matter jurisdiction to address the claim. See Crosten, 932 F. Supp. at 683-84; Riley, 872 F. Supp. at 1460. Each of Jones's potential retaliation scenarios would have involved retaliatory conduct occurring prior to December 2, 1996, when Jones filed her FCHRC charge. Jones's FCHRC complaint alleged only discriminatory termination. Def.'s Mem. Ex. 6. It did not allege that Giant retaliated against her. Id. Accordingly, this court does not have subject matter jurisdiction to address the Title VII claim.

Even though section 1981 does not include administrative requirements, Jones cannot survive summary judgment on any retaliation claim under this statute. The McDonnell Douglas proof scheme applies to claims under section 1981. Causey, 162 F.3d at 804. To prove a prima facie case of retaliation under section 1981, a plaintiff must show that (1) she engaged in a protected activity; (2) an adverse employment action was taken against her; and (3) there was a causal connection between the first two elements. Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 656 (4th Cir. 1998); Tinsley v. First Union Nat'l Bank, 155 F.3d 435, 443 (4th Cir. 1998). With regard to Jones's claim that Giant terminated her because of her complaints of racial discrimination, she has failed to produce evidence indicating that the relevant actors knew of her complaints and therefore cannot show causation. Dowe, 145 F.3d at

657 (employer's knowledge of complaint is "absolutely necessary" because "by definition, an employer cannot take action because of a factor of which it is unaware"). With regard to Jones's claim that Conlon retaliated against her because of her complaint to Giant about Conlon's false accusation that her son shoplifted in 1995, the underlying activity about which she complained was not an "adverse employment action." See 42 U.S.C. § 2000e-3(a) (retaliation claim applies only when plaintiff opposes "any practice made an unlawful employment practice by [Title VII]"). With regard to her claim that Giant retaliated against her by filing criminal charges, she fails to assert a claim because filing criminal charges is not an adverse employment action. Dowe, 145 F.3d at 656; Tinsley, 155 F.3d at 443. With regard to her claim that Giant terminated her for complaining to Giant's district manager that Sterling had not told her about testing for a promotion, the plaintiff has failed to produce evidence warranting a finding of causation between events arising in 1995 and September of 1996. Dowe, 145 F.3d at 656; Tinsley, 155 F.3d at 443.

E.

Jones also claims in her opposition to summary judgment that Giant fostered a hostile work environment.[3] Pl.'s Opp'n at 41-44. Although the claim does not appear in the complaint, Giant has addressed it and I will as well.

Jones may not raise a hostile work environment claim because it is not related to the allegations in her administrative complaint. Before filing a civil suit, a party must file an administrative charge with the relevant federal, state or local agency. Hubbard, 436 F. Supp. at 1187. The scope of a civil action is limited to the "administrative investigation that could

---

[3]Jones states this claim only under Title VII. Pl.'s Opp'n at 41-44.

10

'reasonably be expected to follow' from the administrative charges of discrimination." Johnson, 940 F. Supp. at 876 (citing Hubbard standard). Myra Jones's administrative charge includes only a claim of discriminatory termination arising from the shoplifting incident. The only other allegation concerns false accusations of shoplifting allegedly made by a white security guard (presumably Conlon) against black children and employees. Def.'s Mem. Ex. 6. This last allegation challenges the credibility of Giant's version of the shoplifting incident; it does not raise a claim for a hostile work environment. Accordingly, any claim based on a hostile work environment under Title VII is dismissed.

### III.

Jones also asserts a claim for wrongful discharge. The court must first determine which state law applies. Because the plaintiffs originally filed this lawsuit in the United States District Court for the District of Columbia, District of Columbia choice of law rules govern. Van Dusen v. Barrack, 376 U.S. 612 (1964); Barnes Group, Inc. v. C & C Products, Inc., 716 F.2d 1023 (4th Cir. 1983); Temporaries, Inc. v. Maryland Nat'l Bank, 626 F. Supp. 1025, 1027 (D. Md. 1986). The District of Columbia considers where the injury occurred, where the conduct causing the injury occurred, the domicile, residence, nationality, place of incorporation and place of business of the parties, and the place where the relationship is centered. District of Columbia v. Coleman, 667 A.2d 811, 816 (D.C. 1995) (citation omitted) (applying factors listed in Restatement (Second) of Conflict of Laws § 145). Because Jones lived and worked in Virginia, and the employment relationship between her and Giant was centered in Virginia, its substantive law applies. Virginia does not recognize a separate cause of action for wrongful termination based on race. Doss v. Jamco, Inc., 492 S.E.2d 441, 446 (Va. 1997). A Virginia plaintiff must seek

11

relief for discriminatory termination under either a state or federal civil rights statute. Id. Accordingly, Giant's motion for summary judgment based on wrongful discharge is granted.

Jones also asserts a claim for breach of contract. She claims that based on a contract between Giant and her union, Giant could terminate her solely for reasons related to her performance. Giant claims that the Labor Management Relations Act ("LMRA") pre-empts her claim. LMRA attempts to create a uniform federal law concerning the interpretation of collective bargaining agreements. United Steel Workers of Am. v. Rawson, 495 U.S. 362, 371 (1990). "[T]he question in preemption analysis is . . . whether resolution of the cause of action requires interpretation of a collective bargaining agreement." McCormick v. AT & T, 934 F.2d 531, 535 (4th Cir. 1991). Because Jones locates the right giving rise to her claim in the labor agreement between Giant and her union, Am. Compl. ¶ 97, resolving this claim would require interpreting the collective bargaining agreement. Accordingly, LMRA preempts her claim for breach of contract.

A separate order granting Giant's motion for summary judgment is being entered herewith.

Date: *November 27, 2000*

J. Frederick Motz
United States District Judge