NOTICE OF ISSUANCE OF MANDATE

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

September 3, 2004

MANDATE

Clerk, District Court/Agency

FROM:  Margaret F. Thomas
       Deputy Clerk

01-1031 Muhammad v. Giant Food, Inc.
CA-98-3565-JFM
01-1032 Johnson v. Giant Food Inc
CA-00-3465-JFM
CA-98-3565
01-1033 Hart v. Giant Food Inc
CA-00-3466-JFM
CA-98-3565-JFM
01-1034 Evans v. Giant Food Inc
CA-00-3467-JFM
CA-98-3565-JFM
01-1035 Jones v. Giant Food Inc
CA-00-3468-JFM
CA-98-3565-JFM
01-1036 Jones v. Giant Food Inc
CA-00-3469-JFM
CA-98-3565-JFM

HEREWITH IS THE MANDATE OF THIS COURT, ISSUED THIS DATE,
ON THE JUDGMENT ENTERED BY THE COURT ON 8/12/04.

[ ] Order and Certified Copy of Judgment
[X] Opinion and Certified Copy of Judgment
[ ] Order on Costs
[ ] Order dismissing appeal R42(b) or Local Rule 45
[ ] Other: _____
[ ] The record has been retained for use in case number


     Robert P. Watkins
     Kumiki San Gibson
     Jo Ann P. Myles

JUDGMENT

FILED: August 12, 2004

UNITED STATES COURT OF APPEALS

**for the**

Fourth Circuit

01-1031
**CA-98-3565-JFM**

FILED _____ ENTERED
_____ LODGED _____ RECEIVED

SEP    004

AT _____
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND    DEPUTY
BY

RAQIB A. MUHAMMAD

Plaintiff - Appellant

and

KIMBERLY L.C. MARTIN

Plaintiff

v.

GIANT FOOD INCORPORATED; J. SAINSBURY (USA) HOLDING, a/k/a
The Sainsbury Group; PETE MANOS, CEO/President in his
individual and official capacity, Giant Food, Incorporated;
DEBRA LILLY, in her official capacity, Director of Fair
Employment Office, Giant Food, Incorporated; NICK SACCHETTI,
Store Manager in his official capacity, Giant Food,
Incorporated; BOB SCHOENING, Vice President, in his official
capacity, Giant Food, Incorporated

Defendants - Appellees

and

UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION,
AFL-CIO Union Local 400

Defendant

01-1032
CA-00-3465-JFM
CA-98-3565

DANIEL E. JOHNSON, III

Plaintiff - Appellant

A True Copy, Teste:
Patricia S. Connor, Clerk
BY
D.

v

GIANT FOOD INC; PETE MANOS, CEO/President in his individual
and official capacity, Giant Food, Incorporated; DEBRA
LILLY, in her official capacity, Director of Fair Employment
Office, Giant Food, Incorporated; NICK SACCHETTI, Store
Manager in his official capacity, Giant Food, Incorporated;
BOB SCHOENING, Vice President, in his official capacity,
Giant Food, Incorporated

FILED _____ ENTERED
_____ LODGED   RECEIVED

SEP   7 2004

Defendants - Appellees

CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

NO. 01-1033
CA-00-3466-JFM
CA-98-3565-JFM

DARI

Plaintiff - Appellant

v

GIANT FOOD INCORPORATED; PETE MANOS, CEO/President in his
official capacity, Giant Food, Incorporated; DEBRA LILLY,
in her official capacity, Director of Fair Employment
Office, Giant Food, Incorporated; NICK SACCHETTI, Store
Manager in his official capacaity, Giant Food, Incorporated;
BOB SCHOENING, Vice President, in his official capacity,
Giant Food, Incorporated

Defendants - Appellees

NO. 01-1034
CA-00-3467-JFM
CA-98-3565-JFM

RONA

Plaintiff - Appellant

v

GIANT FOOD INC; PETE MANOS, CEO/President in his individual
and official capacity, Giant Food, Incorporated; DEBRA
LILLY, in her official capacity, Director of Fair Employment
Office, Giant Food, Incorporated; NICK SACCHETTI, Store
Manager in his official capacity, Giant Food, Incorporated;

BOB SCHOENING, Vice President, in his official capacity,
Giant Food, Incorporated

    Defendants - Appellees

FILED _____ ENTERED
_____ LODGED _____ RECEIVED

SEP  7 2004

CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

        NO. 01-1035
          CA-00-3468-JFM
          CA-98-3565-JFM


LINDA A. JONES

    Plaintiff - Appellant



GIANT FOOD INC; PETE MANOS, CEO/President in his individual
and official capacity, Giant Food, Incorporated; DEBRA
LILLY, in her official capacity, Director of Fair Employment
office, Giant Food, Incorporated; NICK SACCHETTI, Store
Manager in his official capacity, Giant Food, Incorporated;
BOB SCHOENING, Vice President, in his official capacity,
Giant Food, Incorporated

    Defendants - Appellees



        NO. 01-1036
          CA-00-3469-JFM
          CA-98-3565-JFM


MYRA B. JONES

    Plaintiff - Appellant


 v.

GIANT FOOD INC; PETE MANOS, CEO/President in his individual
and official capacity, Giant Food, Incorporated; DEBRA
LILLY, in her official capacity, Director of Fair Employment
Office, Giant Food, Incorporated; NICK SACCHETTI, Store
Manager in his official capacity, Giant Food, Incorporated;
BOB SCHOENING, Vice President, in his official capacity,
Giant Food, Incorporated

    Defendants - Appellees

```
--------------------
```
Appeal from the United States District Court **for the**
District of Maryland at Baltimore
```
--------------------
```

In accordance with the written opinion of this Court **filed** this day, the Court affirms the judgment of the District **Court.**

A certified copy of this judgment will be provided to the District Court upon issuance of the mandate.  The judgment **will** take **effect** upon issuance of the mandate.




/s/ Patricia S. Connor
_____
**CLERK**

UNPUBLISHED

# UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

RAQIB A. MUHAMMAD,
> *Plaintiff-Appellant,*

and

KIMBERLY L.C. MARTIN,
> *Plaintiff,*

v.

GIANT FOOD INCORPORATED; J.
SAINSBURY (USA) HOLDING, a/k/a
The Sainsbury Group; PETE MANOS,
CEO/President, in his individual and
official capacity, Giant Food,
Incorporated; DEBRA LILLY, in her
official capacity, Director of Fair
Employment Office, Giant Food,
Incorporated; NICK SACCHETTI, Store
Manager, in his official capacity,
Giant Food, Incorporated; BOB
SCHOENING, Vice President, in his
official capacity, Giant Food,
Incorporated,
> *Defendants-Appellees,*

and

UNITED FOOD & COMMERCIAL FOOD
WORKERS INTERNATIONAL UNION,
AFL-CIO Union Local 400,
> *Defendant.*

No. 01-1031

2                    MUHAMMAD v. GIANT FOOD INC.

DANIEL E. JOHNSON, III,
                    *Plaintiff-Appellant,*

                    v.

GIANT FOOD INC; PETE MANOS,
CEO/President, in his individual and
official capacity, Giant Food,
Incorporated; DEBRA LILLY, in her
official capacity, Director of Fair          No. 01-1032
Employment Office, Giant Food,
Incorporated; NICK SACCHETTI, Store
Manager, in his official capacity,
Giant Food, Incorporated; BOB
SCHOENING, Vice President, in his
official capacity, Giant Food,
Incorporated,
                    *Defendants-Appellees.*

MUHAMMAD V. GIANT FOOD INC.                                    3

DARNELL HART, on behalf of those
persons similarly situated,
                    *Plaintiff-Appellant,*

                    v.

GIANT FOOD INCORPORATED; PETE
MANOS, CEO/President, in his
individual and official capacity,
Giant Food, Incorporated; DEBRA
LILLY, in her official capacity,
Director of Fair Employment
Office, Giant Food, Incorporated;
NICK SACCHETTI, Store Manager, in
his official capacity, Giant Food,
Incorporated; BOB SCHOENING, Vice
President, in his official capacity,
Giant Food, Incorporated,
                    *Defendants-Appellees.*

                                        No. 01-1033

RONALD A. EVANS,
                              *Plaintiff-Appellant,*

                          v.

GIANT FOOD INC; PETE MANOS,
CEO/President, in his individual and
official capacity, Giant Food,
Incorporated; DEBRA LILLY, in her
official capacity, Director of Fair            No. 01-1034
Employment Office, Giant Food,
Incorporated; NICK SACCHETTI, Store
Manager, in his official capacity,
Giant Food, Incorporated; BOB
SCHOENING, Vice President, in his
official capacity, Giant Food,
Incorporated,
                              *Defendants-Appellees.*

LINDA A. JONES,
                              *Plaintiff-Appellant,*

                          v.

GIANT FOOD INC; PETE MANOS,
CEO/President, in his individual and
official capacity, Giant Food,
Incorporated; DEBRA LILLY, in her
official capacity, Director of Fair            No. 01-1035
Employment office, Giant Food,
Incorporated; NICK SACCHETTI, Store
Manager, in his official capacity,
Giant Food, Incorporated; BOB
SCHOENING, Vice President, in his
official capacity, Giant food,
Incorporated.
                              *Defendants-Appellees.*

MYRA B. JONES,

                    *Plaintiff-Appellant,*

              v.

GIANT FOOD INC; PETE MANOS,
CEO/President, in his individual and
official capacity, Giant Food,
Incorporated; DEBRA LILLY, in her
official capacity, Director of Fair          No. 01-1036
Employment Office, Giant Food,
Incorporated; NICK SACCHETTI, Store
Manager, in his official capacity,
Giant Food, Incorporated; BOB
SCHOENING, Vice President, in his
official capacity, Giant Food,
Incorporated,

                    *Defendants-Appellees.*

Appeals from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, District Judge.
(CA-98-3565-JFM; CA-00-3465-JFM; CA-00-3466-JFM;
CA-00-3467-JFM; CA-00-3468-JFM; CA-00-3469-JFM)

Argued: January 22, 2002

Decided: August 12, 2004

Before WIDENER, MICHAEL, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion

---

## COUNSEL

**ARGUED:** Jo Ann P. Myles, Largo, Maryland, for Appellants.
Kumiki San Gibson, WILLIAMS & CONNOLLY, L.L.P., Washing-

6                        MUHAMMAD v. GIANT FOOD INC.

ton, D.C., for Appellees. **ON BRIEF:** Robert P. Watkins, WIL-
LIAMS & CONNOLLY, L.L.P., Washington, D.C., for Appellees.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

## OPINION

PER CURIAM

Giant Food, Inc., a retail supermarket chain, operates more than
150 stores located throughout Delaware, Maryland, New Jersey,
Pennsylvania, Virginia, and the District of Columbia. Six Giant
employees, all African-American, filed a putative class action against
Giant and four of its managers, alleging that Giant engaged in a pat-
tern or practice of discrimination. The district court granted summary
judgment in favor of Giant on each of the employee's individual
claims and declared moot the pending class certification motion. The
employees appeal. For the reasons set forth below, we affirm.

I.

This action was commenced in 1997, and the employees filed an
amended complaint in October 1998. In April 1999, the district court
entered a scheduling order that established discovery and filing time
frames. The scheduling order initially provided that motions for sum-
mary judgment and class certification should be filed by May 12,
2000; that deadline was later extended to June 29, 2000. On June 29,
2000, the defendants moved for summary judgment against the claims
of each of the named employee plaintiffs. The employees filed
responses to the summary judgment motions and argued that, under
the burden-shifting framework established by the Supreme Court in
*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), their evi-
dence was sufficient to survive summary judgment. On July 7, 2000,
more than a week after defendants moved for summary judgment and
almost two years after the amended complaint was filed, the employ-

ees filed a class certification motion. As noted above, the district court granted summary judgment in favor of the defendants as to the claims of each of the named plaintiffs. The district court then concluded that the class certification motion was moot, given that the named plaintiffs had no cause of action typical of the alleged class. The employees appealed, raising certain procedural issues that apply to all of their claims, as well as challenging the grants of summary judgment against their individual claims. At this court's direction, the employees filed a primary brief addressing issues common to all six plaintiffs and separate supplemental briefs addressing the merits of their individual claims of discrimination.

## II.

### A.

The employees contend that the district court erred by analyzing their discrimination claims under the *McDonnell Douglas* framework rather than the framework governing pattern-or-practice cases set forth in *International Brotherhood of Teamsters v. United States*, 431 U.S. 324 (1977). In a related argument, the employees contend that the district court erred by considering the summary judgment motions before considering the certification motion.

In *McDonnell Douglas*, the Supreme Court established the familiar framework under which most employment discrimination claims are analyzed: a plaintiff makes a *prima facie* showing of discrimination by establishing that (1) he is in a protected class; (2) he applied for the position in question; (3) he was qualified for the position; and (4) he was rejected for the position under circumstances giving rise to an inference of discrimination. *See McDonnell Douglas*, 411 U.S. at 802. If the employer rebuts the *prima facie* case by producing evidence of a legitimate, non-discriminatory reason for its actions, the plaintiff must then show that the employer's proffered reason is a pretext for discrimination. *See id.* at 802-04. The ultimate burden of proving discrimination always rests with the plaintiff. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000) ("Although intermediate evidentiary burdens shift back and forth under [the *McDonnell Douglas*] framework, the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff

remains at all times with the plaintiff." (internal quotation marks and
alteration omitted)).

Class actions alleging a pattern or practice of discrimination, how-
ever, are governed by the analytical framework established by the
Supreme Court in *Teamsters*. Instead of focusing on individual
employment decisions, pattern-or-practice cases focus on "a pattern of
discriminatory decisionmaking." *Cooper v. Federal Reserve Bank of
Richmond*, 467 U.S. 867, 876 (1984) (internal quotation marks omit-
ted). Pattern-or-practice cases proceed in two phases. In the first
phase (sometimes called the liability phase), the plaintiffs must estab-
lish that "discrimination [is] the company's standard operating
procedure—the regular rather than the unusual practice." *Teamsters*,
431 U.S. at 336. "[D]emonstrating the existence of a discriminatory
pattern or practice establishe[s] a presumption that the individual
class members ha[ve] been discriminated against." *Cooper*, 467 U.S.
at 875; *see also Lowery v. Circuit City Stores, Inc.*, 158 F.3d 742,
759-60 (4th Cir. 1998), *vacated and remanded in part on other
grounds*, 527 U.S. 1031 (1999). "[A] finding of a pattern or practice
of discrimination itself justifies an award of prospective relief to the
class. . . ." *Cooper*, 467 U.S. at 876. However, if the class plaintiffs
seek individual relief, the case then moves into the second or remedial
phase. *See Teamsters*, 431 U.S. at 361. The burden in the remedial
phase is on the employer, who must "prove that the employee was
denied an employment opportunity for lawful reasons." *Lowery*, 158
F.3d at 760; *see Teamsters*, 431 U.S. at 362.

Thus, one of the primary effects of establishing a pattern or prac-
tice of discrimination

> is to substantially lessen each class member's evidentiary
> burden relative to that which would be required if the
> employee were proceeding separately with an individual
> disparate treatment claim under the *McDonnell Douglas*
> framework. Rather than having to make out a prima facie
> case of discrimination and prove that the employer's
> asserted business justification is merely a pretext for dis-
> crimination, a class member at the remedial stage of a
> pattern-or-practice claim need only show that he or she suf-
> fered an adverse employment decision and therefore was a

potential victim of the proved class-wide discrimination. The burden of persuasion then shifts to the employer to demonstrate that the individual was subjected to the adverse employment decision for lawful reasons.

*Robinson v. Metro-North Commuter R.R.,* 267 F.3d 147, 159-60 (2d Cir. 2001) (citations, internal quotation marks and alterations omitted).

In this case, however, the district court granted summary judgment against each of the individual employee's claims before considering the certification motion. The court analyzed each employee's claims under the *McDonnell Douglas* framework, without mentioning the possibility that the employees might be entitled to the presumption of discrimination that can arise in a pattern-or-practice case. On appeal, the employees contend that they filed this action as a pattern-or-practice class action, that they alleged in the complaint that Giant engaged in a pattern and practice of discrimination, and that they were therefore entitled to the *Teamsters* presumption of discrimination when the district court considered Giant's summary judgment motions. The employees argue that if the district court had considered the certification request first (which they contend the court was required to do), the district court, cognizant of the *Teamsters* presumption, would not have granted summary judgment against their individual claims.

At the time of the district court's ruling, Rule 23(c) of the Federal Rules of Civil Procedure required a district court to make a certification ruling "[a]s soon as practicable after the commencement" of a putative class action. *See* Fed. R. Civ. P. 23(c)(1) (2000).[1] This circuit has relied on that language when noting that the question of whether a class action will be certified must be resolved before a decision on the merits of the case is made. *See Nance v. Union Carbide Corp.,* 540 F.2d 718, 723 n.9 (4th Cir. 1976) ("The language of Rule 23(c) makes it quite clear that the determination of class status is to be made before the decision on the merits." (internal quotation marks

---

[1]The rule was amended effective December 1, 2003, to provide that the district court must make the certification decision "at an early practicable time." Fed. R. Civ. P. 23(c)(1)(A) (2004).

omitted)), *vacated in part on other grounds*, 431 U.S. 952 (1977). Other courts, however, have concluded that, under some circumstances, a district court is free to consider a summary judgment motion before deciding whether to certify a class action lawsuit. *See, e.g., Cowen v. Bank United of Texas, FSB*, 70 F.3d 937, 941-42 (7th Cir. 1995); *Wright v. Schock*, 742 F.2d 541, 543-44 (9th Cir. 1984). But one court has questioned whether it is proper in a putative pattern-or-practice class action to rule on summary judgment motions before resolving the certification question. *See Thiessen v. General Elec. Capital Corp.*, 267 F.3d 1095, 1109 (10th Cir. 2001) ("Until the first stage [of a pattern-or-practice class action] is resolved, we question whether it is proper for a court to consider summary judgment motions regarding second stage issues (i.e., whether the individual plaintiffs are entitled to relief). Even assuming, *arguendo*, such motions can properly be considered prior to resolution of the first stage, it is clear they would not be analyzed under the typical *McDonnell-Douglas* framework.").

As Giant notes, the statement in this court's opinion in *Nance* that the prior version of Rule 23 required consideration of a certification motion before a ruling on the merits is probably best described as dictum.[2] Nonetheless, for purposes of this opinion, we will assume that, under *Nance*, district courts should rule on class certification requests before ruling on a summary judgment motion or otherwise ruling on the merits of the claims. The question, then, is whether the district

---

[2] In *Nance*, an individual brought an employment discrimination case against her employer, and questions arose as to whether the plaintiff intended the case to proceed as a class action. The plaintiff stipulated that she did not intend to amend her complaint to allege a class action, but that she believed any "benefits she may obtain in this action should inure to the benefit of other similar[ly] situated females" working for the employer. *Nance*, 540 F.2d at 722. Ruling in favor of the plaintiff, the district court granted individual and class relief. The employer appealed, arguing, among other things, that the district court erred by granting class relief in a case that was never certified as a class action. This court agreed. *See id.* at 725. The court's mention in a footnote of the requirement that the certification issue be resolved before ruling on the merits had no bearing on the issue before the *Nance* court but merely explained the procedure of a different case used to support the court's decision that the plaintiff had not brought a class action.

court's failure in this case to consider the certification issue first is an error that warrants correction on appeal. Under the particular circumstances of this case, we answer that question in the negative.

As noted above, this case was pending as a putative class-action for more than two years before Giant's motions for summary judgment were filed, yet the employees during this time did not seek certification. The employees finally filed the certification motion a week after Giant's summary judgment motions were filed, but even then the employees did not ask the district court to hold the summary judgment motions in abeyance pending a ruling on the certification request. The employees, therefore, have forfeited their right to raise the issue on appeal. *See Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) (en banc) (noting the "general rule that we will not consider issues raised for the first time on appeal").[3]

We conclude that the employees have likewise forfeited their right to argue on appeal that the district court erred by analyzing their individual claims under the *McDonnell Douglas* framework. In its summary judgment motions, Giant analyzed each of the employee's claims under *McDonnell Douglas*. The employees in their responses did not argue that *McDonnell Douglas* was not applicable. To the contrary, the employees themselves relied on the *McDonnell Douglas* framework when arguing that summary judgment should not be granted. If the conduct of the employees in this regard does not amount to invited error,[4] we have no doubt that it amounts to a forfei-

---

[3]In light of this conclusion, we need not consider the employees' claim that the district court erred by not holding an evidentiary hearing on their certification motion. We note, however, that the employees in their motion for class certification specifically stated that an evidentiary hearing was not necessary.

[4]*See, e.g., United States v. Jackson*, 124 F.3d 607, 617 (4th Cir. 1997) (explaining that "[t]he invited error doctrine recognizes that a court cannot be asked by counsel to take a step in a case and later be convicted of error, because it has complied with such request" (internal quotation marks omitted)); *AG Sys., Inc. v. United Decorative Plastics Corp.*, 55 F.3d 970, 972 (4th Cir. 1995) ("We have never held in this court that an appeal may lie from an invited error. . . .").

ture of the right to raise the issue on appeal. *See Brickwood*, 369 F.3d at 390.

We recognize that some (but not all) of the individual responses to Giant's summary judgment motions mentioned the pattern-or-practice allegations in the complaint and asserted that "[b]ased on th[ese] allegations alone, the burden shifted to Defendant Giant to show that it 'ceased to utilize' its illegal discriminatory systems prior to when the plaintiffs filed their respective employment discrimination charges." J.A. 4613. In our view, this passing reference (which does not even include a citation to *Teamsters*) is insufficient to change our conclusion that the employees failed to argue before the district court that the *McDonnell Douglas* framework should not be applied to their claims.

Preliminarily, we note that the various assumptions reflected in this statement are wrong as a matter of law. Simply alleging the existence of a pattern or practice of discrimination does not guarantee class certification. *See Lowery*, 158 F.3d at 759 (explaining that "the Supreme Court has rejected the proposition that merely alleging a pattern or practice of discrimination entitles plaintiffs to class certification"). Nor does the mere allegation of a pattern or practice of discrimination automatically give rise to the *Teamsters* presumption—the presumption arises only when the evidence *establishes* that a pattern or practice of discrimination exists. *See Cooper*, 467 U.S. at 875 ("*[D]emonstrating the existence of a discriminatory pattern or practice* establishe[s] a presumption that the individual class members ha[ve] been discriminated against." (emphasis added)). Finally, a party opposing summary judgment may not simply rest on the allegations of his complaint, but must instead come forward with specific evidence showing the existence of a genuine issue of fact. *See, e.g., Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991). Although the employees did submit pattern-or-practice evidence along with their class certification motion, none of the employees' responses to the summary judgment motion specifically referred to any of the pattern-or-practice evidence or made any argument as to what that evidence might have established. *Cf., e.g., Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (explaining that "a court is not required to scour the record in search of evidence to defeat a motion for summary judgment" (internal quotation marks omitted)).

Under these circumstances, we do not believe that the passing mention of a presumption in some of the employees' summary judgment responses sufficiently presented to the district court the issues the employees now press on appeal. Thus, we conclude that the employees forfeited the issues regarding the timing of the summary judgment ruling and the application of *McDonnell Douglas* by failing to raise those issues below. The employees do not argue that the circumstances of this case warrant correction of the district court's claimed errors under plain error review, and our own review of the record reveals no reason to depart from our general rule of refusing to correct forfeited errors. *See Brickwood*, 369 F.3d at 396-97 (explaining the circumstances under which an error raised for the first time on appeal will be recognized and corrected).

## B.

We now consider whether, in light of our conclusions that the district court committed no reversible error by applying the *McDonnell Douglas* framework to the employees' individual discrimination claims or by ruling on the summary judgment motions before considering the class certification motion, the district court erred by granting summary judgment against each of the named employees' individual claims of discrimination. We answer that question in the negative.

As noted above, if a plaintiff proceeding under *McDonnell Douglas* establishes a *prima facie* case of discrimination, the employer must then articulate a legitimate, nondiscriminatory reason for the adverse employment action at issue. At that point, the plaintiff may then present evidence showing that the employer's stated reason for the action is mere pretext and that unlawful discrimination was the real reason for the employer's action. *See, e.g., Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 285 (4th Cir. 2004) (en banc). When courts are evaluating the legitimacy of the employer's stated reason for the employment action, the question is not whether the employer's stated reason was a good business decision, but whether the stated reason was the real reason. *See Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 278 (4th Cir. 2000) ("[W]hen an employer gives a legitimate, non-discriminatory reason for discharging the plaintiff, it is not our province to decide whether the reason was wise, fair, or even correct, ultimately, so long as it truly was the reason for the plaintiff's termi-

nation." (internal quotation marks omitted)). The granting of sum-
mary judgment, of course, is proper only when there is no genuine
issue of material fact and the moving party is entitled to judgment as
a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*,
477 U.S. 317, 322-23 (1986). While we must view the evidence in the
light most favorable to the non-moving party and give the non-
moving party the benefit of all reasonable inferences that can be
drawn from the evidence, "[c]onclusory or speculative allegations do
not suffice." *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645,
649 (4th Cir. 2002); *see also Causey v. Balog*, 162 F.3d 795, 802 (4th
Cir. 1998) (affirming grant of summary judgment in part because the
plaintiff's "conclusory statements, without specific evidentiary sup-
port," were insufficient to create a genuine issue of fact); *Williams v.
Cerberonics, Inc.*, 871 F.2d 452, 456 (4th Cir. 1989) (explaining that
"a plaintiff's own assertions of discrimination in and of themselves
are insufficient to counter substantial evidence of legitimate nondis-
criminatory reasons for an adverse employment action").

After carefully considering the arguments of the parties, reviewing
the evidence in the record, and applying the general principles out-
lined above, we simply cannot conclude that the district court erred
by granting summary judgment against the employees' individual
claims of discrimination. Accordingly, we affirm the district court's
rejection of the employees' individual claims of discrimination.[5]

---

[5]We note, however, that this conclusion does not, as the employees
suggest, "disenfranchise[ ] tens of thousands of putative class members."
Primary Brief of Appellant at 7. While the rejection of the named
employees' individual claims is binding as to those employees, it does
not preclude later efforts to certify a class action against Giant or bar any
individual claims that might be asserted in such an action. *See, e.g.,
Cowen*, 70 F.3d at 941 (explaining that if summary judgment is granted
against the claims of the named plaintiffs and the class certification
motion is thereafter denied, "the defendant loses the preclusive effect on
subsequent suits against him of class certification"); *Wright*, 742 F.2d at
544 (explaining that because summary judgment was granted against
named plaintiffs before case was certified as a class action, the "defen-
dants have prevailed only against the named plaintiffs. The judgment
will not be *res judicata* as to other individual plaintiffs or other members
of any class that may be certified.").



### III.

The employees also contend that the district court erred by failing to require Giant to comply with certain of their discovery requests and that the court's error forced them "to present a case at the motion for Summary Judgment with an incomplete factual record." Primary Brief of Appellants at 28. This argument is without merit.

As part of their effort to prove a pattern of discrimination, the employees hired an expert to conduct a statistical analysis of Giant's employment practices. Accordingly, the employees sought in discovery various computer records of Giant's personnel information and actions. The employees claim, however, that Giant stalled and then finally produced the information without proper decoding guides, which rendered the information indecipherable. The employees contend that Giant's foot-dragging required them to request multiple extensions of time for submission of their expert report, caused them to expend large sums of money needlessly, and resulted in "an inaccurate expert report limited by a lack of complete information." Primary Brief of Appellants at 31. The employees claim that "[t]hese repeated incidents of bad faith on Giant's part are precisely the type of behavior for which the court has the remedy of sanctions," yet the district court "declined to impose any form of sanctions nor even compel proper remedy in discovery." Primary Brief of Appellants at 32.

This argument, however, ignores several relevant facts. In February 2000, after the statistical report was prepared and submitted to the court, counsel for the employees notified Giant that the report made it clear that computer tapes produced by Giant did not include all of the required information, and counsel requested that Giant produce the additional information. Giant rechecked the tapes it had submitted, discovered that certain information had been inadvertently omitted, and then promptly provided the information to the employees. Thereafter, the employees sought additional time to supplement their expert report and requested an order requiring Giant to pay for all of the expert costs and fees.

At the hearing on the employees' motion, the district court granted additional time for the employees to supplement the report. However, the court refused to require Giant to bear the entire cost of the produc-

tion of the report. The court explained its preliminary conclusion that
Giant could be held responsible for the additional cost of supplement-
ing or re-working the report, but not for the entire cost of the report.
The court therefore denied the employees' motion for sanctions, with-
out prejudice to their right to renew the motion after the report was
supplemented. The employees submitted their supplemental report a
few weeks later, but never moved for the payment of any fees or costs
associated with the supplemental response. Because Giant voluntarily
produced the missing computer information and the employees never
sought the costs associated with the preparation of the supplemental
report, the employees cannot now complain that the district court
erred by not imposing sanctions that were never requested.

### IV

Finally, the employees contend that the district court erred by
refusing to consolidate this action with another putative class action
then pending against Giant. Again we disagree.

This action was originally brought in 1997 in the District of
Columbia. At Giant's request, the case was transferred to the District
of Maryland, where *Carson v. Giant Foods, Inc.*, No. JFM-96-2882,
another class action brought by the employees' attorney, was pending.
As part of its argument in favor of transfer, Giant argued that the case
should be transferred so it could be consolidated with *Carson*. After
transfer, however, the district court declined to consolidate this case
with *Carson*. On appeal, the employees contend that they were preju-
diced by the district court's failure to consolidate this case with *Car-
son*, claiming that they were forced to bear duplicative costs for
discovery, which they contend affected their ability to "present a
cohesive, clear, and accurate evidentiary record within the court's
strict scheduling order." Primary Brief of Appellants at 35.

We first note that the employees opposed Giant's motion to trans-
fer the case to Maryland, arguing in part that a consolidation with
*Carson* "would lead to undue delay in the administration of justice,"
J.A. 84-BB, a position that seems directly contrary to the position
they now assert on appeal. Moreover, there is no indication in the
record that the employees *in this case* actually requested consolida-
tion. Nonetheless, even assuming that the consolidation issue is prop-

erly before us,[6] we find no error. By the time this case was transferred to Maryland, *Carson* had been pending for more than two years, the *Carson* defendants had been granted permission to take an interlocutory appeal of the district court's denial of their motion to dismiss, and this Court had granted a stay of all discovery in *Carson*. Given that this case and the *Carson* case were proceeding on such different procedural tracks, we cannot say that the district court abused its discretion by refusing to consolidate the actions. *See A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Corp.*, 559 F.2d 928, 933 (4th Cir. 1977) ("District courts have broad discretion . . . to consolidate causes pending in the same district.").

## V

Accordingly, for the foregoing reasons, the decision of the district court is hereby affirmed.

*AFFIRMED*

---

[6]In *Adams v. Giant Foods, Inc.*, No. JFM-99-1244 (D. Md.), another putative class action filed by the attorney representing the employees in this case, a motion was filed seeking the consolidation of this case, *Carson*, and *Adams*, but there is no record of a motion being filed in this case. The employees' primary brief, however, includes a few cryptic statements about the district court's failure to "maintain a correct and accurate docket sheet of this case," Primary Brief of Employees at 8, and the employees suggest that the question of consolidation of this case with *Carson* was raised during a conference not reflected in the record.